THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARTFORD ACCIDENT AND INDEMNITY COMPANY, | ) ) ) No. |
| Plaintiff, | ) |
| vs. | ) ) |
| ANDREW HUNT and KIMBERLY HUNT. | ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, Hartford Accident and Indemnity Company ("Hartford") by its attorneys, Michael J. Duffy and Abigail E. Rocap of Wilson Elser Moskowitz Edelman & Dicker LLP, and for its Complaint for Declaratory Judgment against Defendants Andrew Hunt and Kimberly Hunt, states as follows:

**STATEMENT OF THE CASE**

1. This action seeks a declaration, pursuant to 28 U.S.C. §2201, that Hartford owes no insurance coverage obligations to Andrew and Kimberly Hunt (the "Hunts") under a policy of insurance issued by Hartford to Andrew Hunt in connection with a lawsuit filed against the Hunts styled, *Carlitos Mctizi v. Andrew Hunt and Kimberly Hunt*, Case No. 16 L 651, which was previously pending in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois ("Underlying Lawsuit").

1

## PARTIES

2. Hartford is an insurance company formed under the laws of the State of Connecticut, with its principal place of business in Connecticut. Hartford conducts business in Illinois and within the geographical boundaries of this District.

3. The Hunts are both citizens of Illinois and residents of this District.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00 exclusive of costs and interest and the parties are citizens of different states.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391 as the case concerns insurance policies issued in this District and the parties reside and/or conduct business in this District.

## BACKGROUND

6. On September 1, 2016, Mctizic filed his Complaint at Law in the Underlying Lawsuit alleging two counts of negligence against the Hunts stemming from a June 21, 2016 vehicle collision. A copy of the Complaint in the Underlying Lawsuit is attached hereto as Exhibit A.

7. Hartford issued a homeowners insurance policy to Andrew Hunt, Policy No. 83 RBC 274618, effective from November 7, 2015 through November 7, 2016 (the "Hartford Policy"). A Copy of the Hartford Policy is attached hereto as Exhibit B.

8. Subject to all of its terms, the Hartford Policy provides, in part, as follows:

2342363v.2

## HOMEOWNERS 3 – SPECIAL FORM

### AGREEMENT

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.

**DEFINITIONS**

A. In this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household. "We," "us" and "our" refer to the Company providing this insurance.

B. In addition, certain words and phrases are defined as follows:

1. "Aircraft Liability," "Hovercraft Liability," "Motor Vehicle Liability" and "Watercraft Liability," subject to the provisions in **b**. below, mean the following:

    a. Liability for "bodily injury" or "property damage" arising out of the:

        (1) Ownership of such vehicle or craft by an "insured";

        (2) Maintenance, occupancy, operation, use, loading or unloading of such vehicle or craft by any person;

        (3) Entrustment of such vehicle or craft by an "insured" to any person;

        (4) Failure to supervise or negligent supervision of any person involving such vehicle or craft by an "insured"; or

        (5) Vicarious liability, whether or not imposed by law, for the actions of a child or minor involving such vehicle or craft.

3

      b.    For the purpose of this definition:

\* \* \*

      (4)    Motor vehicle means a "motor vehicle" as defined in **7**. below.

2.    "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.

\* \* \*

5.    "Insured" means:

      a.    You and residents of your household who are:

          (1)    Your relatives; or

          (2)    Other persons under the age of 21 and in the care of any person named above;

\* \* \*

7.    "Motor vehicle" means:

      a.    A self-propelled land or amphibious vehicle; or

      b.    Any trailer or semitrailer which is being carried on, towed by or hitched for towing by a vehicle describe in a. above.

\* \* \*

### SECTION II – LIABILITY COVERAGES

A.    Coverage E – Personal Liability

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

4

1. Pay up to our limit of liability for the damages for which an "insured" is legally liable;[1] and

2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of liability for the "occurrence" has been exhausted by payment of a judgment or settlement.

\* \* \*

**SECTION III -- EXCLUSIONS**

A. "Motor Vehicle Liability"

1. Coverages E and F do not apply to any "motor vehicle liability" if, at the time and place of an "occurrence," the involved "motor vehicle":

   a. is registered for use on public roads or property;

   b. Is not registered for use on public roads or property, but such registration is required by a law, or regulation issued by a government agency, for it to be used at the place of the "occurrence"; or

   c. Is being:

      (1) Operated in, or practicing for, any prearranged or organized race, speed contest or other competition;

      (2) Rented to others;

      (3) Used to carry persons or cargo for a charge; or

      (4) Used for any "business" purpose except for a motorized golf cart while on a golfing facility.

---

[1] This language was amended by endorsement. See Ex. C, Form HW 01 47 06 12, Special Provisions – Illinois.

2342363v.2

\* \* \*

**SECTION II – ADDITIONAL COVERAGES**

We cover the following in addition to the limits of liability:

\* \* \*

C. Damage To Property Of Others

\* \* \*

    2. We will not pay for "property damage":

    \* \* \*

        e. Arising out of:

        \* \* \*

            (3) The ownership, maintenance, occupancy, operation, use, loading or unloading of aircraft, hovercraft, watercraft or "motor vehicles."

\* \* \*

**SECTION II -- CONDITIONS**

\* \* \*

C. Duties After "Occurrence"

In case of an "occurrence," you or another "insured" will perform the following duties that apply. We have no duty to provide coverage under this policy if your failure to comply with the following duties is prejudicial to us. You will help us by seeing that these duties are performed:

    1. Give written notice to use or our agent as soon as is practical, which set forth:

        a. The identity of the policy and the "named insured" shown in the Declarations;

6

2342363v.2

      b.      Reasonably available information on the time, place and circumstances of the "occurrence," and

      c.      Names and addresses of any claimants and witnesses;

      \*     \*     \*

    H.    Other Insurance

      This insurance is excess over other valid and collectible insurance except insurance written specifically to cover as excess over the limits of liability that apply in this policy.

      \*     \*     \*

9. On October 3, 2016, Andrew Hunt tendered the Underlying Lawsuit to Hartford requesting defense and/or indemnification under the Hartford Policy. Hartford received this tender of the Underlying Lawsuit on October 4, 2017.

10. On or around October 25, 2016, Hartford denied it owed Andrew and/or Kimberly Hunt any insurance coverage obligations for the Underlying Lawsuit.

11. Upon information and belief, the parties to the Underlying Lawsuit have reached a settlement and the Underlying Lawsuit was dismissed with prejudice.

12. Hartford denies any obligation to provide the Hunts with a defense and/or indemnification in connection with the Underlying Lawsuit.

13. An actual controversy exists between the parties concerning the parties' rights and obligations with respect to coverage for the claims in the Aluminum Lawsuit under the insurance policies at issue, and pursuant to 28 U.S.C. §2201, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

2342363v.2

## COUNT I
### THE "MOTOR VEHICLE LIABILITY" EXCLUSION PRECLUDES COVERAGE

14. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 13 above as if fully set forth herein.

15. The Hartford Policy does not apply to claims against an insured because of "bodily injury" or "property damage" arising from "motor vehicle liability."

16. The claims in the Underlying Lawsuit concern claims because of "bodily injury" arising from "motor vehicle liability."

17. As such, the claims in the Underlying Lawsuit fall within the "Motor Vehicle Liability" Exclusion in the Hartford Policy.

18. Accordingly, Hartford owes no defense or indemnity obligations to the Hunts for the claims against them in the Underlying Lawsuit.

WHEREFORE, Plaintiff, Hartford, prays that this Court enter the following relief:

A. A declaration finding that Hartford owes no duty to defend or indemnify the Hunts for the claims against them in the Underlying Lawsuit; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT II
### BREACH OF NOTICE CONDITION

19. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 13 above as if fully set forth herein.

20. The Hartford Policy requires that Hartford be notified of the time, place and circumstances of an "occurrence" "as soon as practical."

8

21. Hartford's first notice of the auto accident described in the Underlying Lawsuit was on October 4, 2016.

22. The Hunts failed to give timely notice and, consequently, the notice condition of the Hartford Policy has been breached and whatever coverage might have otherwise been available for the Underlying Lawsuit has been forfeited.

23. Therefore, Hartford owes no coverage to the Hunts for the Underlying Lawsuit.

WHEREFORE, Plaintiff, Hartford, prays that this Court enter judgment in its favor:

A. Finding that Hartford owes no coverage to the Hunts for the claims against them in the Underlying Lawsuit; and

B. For all such just and equitable relief, including costs for this suit.

## COUNT III
## THE HARTFORD POLICY IS EXCESS

24. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 13 above as if fully set forth herein.

25. The Hartford Policy provides that the liability coverage provided in Section II is excess over other valid and collectible insurance.

26. Upon information and belief, the Hunts' auto insurer is defending or has defended the Underlying Lawsuit.

27. Consequently, even if applicable, which is not the case, the Hartford Policy is excess over that other valid and collectible insurance with respect to the Underlying Lawsuit and has/had no obligation to defend the Hunts.

WHEREFORE, Plaintiff, Hartford, prays that this Court enter judgment in its favor:

    A.    Finding that the Hartford Policy is excess with respect to the claims asserted against the Hunts in the Underlying Lawsuit;

    B.    Hartford has/had no duty to defend the Hunts in the Underlying Lawsuit;

    or

    C.    For all such just and equitable relief, including costs for this suit.

Respectfully submitted,

HARTFORD ACCIDENT AND INDEMNITY COMPANY

By:    /s/ Michael J. Duffy
        One of Its Attorneys

Michael J. Duffy (6196669)
michael.duffy@wilsonelser.com
Abigail E. Rocap (6310024)
Abigail.rocap@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, IL 60603
(312) 704-0550
(312) 704-1522 (fax)

2342363v.2